932 F.2d 964
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Roy Thomas FOSTER, Jr., Defendant-Appellant.
 No. 90-5528.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1991.
Decided May 6, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. N. Carlton Tilley, Jr., District Judge. (CR-90-61-S)
 Lawrence Jay Fine, Winston-Salem, N.C., for appellant.
 Michael Francis Joseph, Assistant United States Attorney, Greensboro, N.C. (argued), for appellee; Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., on brief.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Roy Thomas Foster, Jr. appeals his conviction for possession with intent to distribute 17.9 grams of cocaine hydrochloride in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(C) and possession of a firearm in violation of 18 U.S.C. Secs. 924(c)(1) and 925(c)(2).
 
 
 2
 Foster contends that the district court erred by failing to answer a question asked by the jury during deliberation in a manner that would clear away the jury's confusion on a matter not addressed by the court's original instruction. Finding no error, we affirm.
 
 
 3
 On November 17, 1989, the defendant was arrested following the execution of a search warrant at his home. During the course of the search, cocaine, drug paraphernalia, and related items were found. The defendant was inside his residence wearing a .45 caliber Colt pistol at the time the search warrant was served. Also present was a confederate who was then counting money with a .25 automatic handgun in her presence. At trial there was evidence that the defendant carried guns and used them in connection with his sale of cocaine.
 
 
 4
 At the conclusion of the trial, the court instructed the jury on the substantive drug charge pursuant to 21 U.S.C. Sec. 841 and the gun charge pursuant to 18 U.S.C. Sec. 924(c). There was no objection to this charge.
 
 
 5
 During deliberations the jury requested a transcript of a portion of the testimony and was denied this request. Thereafter, the jury submitted the following question to the court: "Does having a gun for protection of self, make a person guilty, for protecting something he may not, have anything to do with, but allowed it to happen" (sic).
 
 
 6
 The defendant asked the court to respond to the jury by simply answering this question "no," without further elaboration. After consulting with counsel for both the government and the defendant, the court determined that the jury was asking whether having a gun for one's own protection, in a place where cocaine dealing may be taking place, made one guilty of the crime charged. The court then determined that it would be imprudent to simply state "no" to the jury's question and return the jury to their deliberations without further guidance. Rather than leave the jury with the possibility of further confusion, the judge determined that the more appropriate response was to reinstruct the jury on the elements of the gun charge that the jury was then considering. Accordingly, the court answered the jury's question as follows:
 
 
 7
 Before a defendant can be found guilty of this charge, the government must prove beyond a reasonable doubt all of the following facts: First, that the defendant committed the offense charged in Count One, that during and in relation to that offense he either carried or used a firearm as those terms have been defined for you.
 
 
 8
 There was no further objection by either party to this supplemental charge.
 
 
 9
 The defendant now brings forward this issue on appeal claiming that it was reversible error for the trial judge to fail to answer the posed question with the one word answer "no."
 
 
 10
 The trial judge, in responding to an unanticipated question from the jury, during deliberations, must exercise the judge's sound discretion in formulating an answer that is both complete and responsive to the question then concerning the jury. It is evident that the court's purpose was to carefully direct the jury to the elements of the charge that they were considering thereby requiring them to test the evidence against these elements in order to determine the guilt or innocence of the defendant. This answer, under these circumstances, is preferable to the answer requested by the defendant and is clearly within the sound discretion of the court.
 
 
 11
 "[T]he necessity, extent and character of any supplemental instruction to the jury are matters within the sound discretion of the district court." United States v. Horton, 921 F.2d 540, 546 (4th Cir.1990).
 
 
 12
 The court's instruction was consistent with the provisions of 18 U.S.C. Sec. 924(c)(1) and this instruction is therefore without error.
 
 
 13
 The judgment appealed from is affirmed.
 
 
 14
 AFFIRMED.